By the Court.
The plaintiff and appellant complains that having, at the request of the appelleó, arrested a person, whom the appellee pretended to be his slave, he was tried and condemned to a reparation in damages and five months’ imprisonment- He contends that the misrepresentation of the appellee, being the only cause whieh Jed him to the commission of that act, which brought on him that sentence, the appellee ⅛ bound to reimburse him, by way of damages, the money which he has been compelled to pay to the party injured, and the fine and expenees which he has incurred.
Ik support of that claim, he has invoked prín-ciples, the truth and soundness of which are incontrovertible ; but, which appear to the court inapplicable to a case of this nature. It is law, indeed, that he, by whose fault any damage has been cans-ed, is bound to repair it ; and on this particular instance, if nothing more than a-civil suit had been brought against the appellant, and a reparation in damages there awarded, in favor of the party injured, the appellant, on shewing that he acted in good faith, might, perhaps, have maintained an(aetion against the person, by whose fraud or fault, he had been induced to commit the act.
Bit r where the act done is unlawful, and the person who committed it, has been tried, found guilty and punished*' he. cannot throw on ' anothe* *288 burden of his sentence, under pretence that he was by him persuaded to commit the act : for such actions are denied by the laws. Si • Titius de damno vel de injuria facienda mandet tibi; licet enimpcenam ipsius facti nomine prcestiteris non tamen uttam hahes adversas Titium actionemi Inst. tit. 27 \ 7.
The appellant himself admits this to be the law: but, he alleges the act was not unlawful on his part; because he executed it without any evil intention, under the belief that the person whom he arrested and shipped off was the slave of the appellee. This is contending in other words that he was innocent of the crime of which he has been found guilty. For, there is no crime, where there is no evil intention.
The verdict of the jury, however, settles this 'question. It is evidence of the guilt of the appellant í the allegation that he acted in good faith cannot now be heard.
It is ordered and decreed that the judgment of the district court be affirmed with costs.